IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**DANNY NATHANIEL PAGE DUTY,**

    **Plaintiff,**

v.                                               **Case No. 3:21-cv-00420**

**DANIEL RUNYON;**
**JEFFREY DANIEL WILLIAMS;**
**MICHAEL SMITH;**
**WESTERN REGIONAL JAIL; and**
**STATE OF WEST VIRGNIA,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and his Complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 2). In keeping with 28 U.S.C. § 1915(e)(2), the undersigned has conducted a preliminary review of Plaintiff's complaint to determine if the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Although *pro se* complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). At the same time, to

achieve justice, the court may allow a *pro se* plaintiff the opportunity to amend his complaint in order to correct deficiencies in the pleading. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978).

Plaintiff alleges the following in his complaint:

1. Plaintiff was assaulted by three other inmates while incarcerated at the Western Regional Jail;

2. At the time of the assault, Plaintiff was in his cell and the three inmates entered the cell to attack him; and

3. After the assault, he was treated for serious injuries and requested further treatment and to speak to the police, but his requests were not granted.

(ECF No. 2 at 4-5). Plaintiff asks for a judgment against the Western Regional Jail and the State of West Virginia for "gross negligence for exposing [him] to unsafe living conditions." He seeks money damages and payment for future medical expenses. (*Id.* at 5).

Plaintiff names as defendants the three inmates who attacked him, but fails to state how this Court has subject matter jurisdiction over the three inmates. Title 42 U.S.C. § 1983 provides a remedy to parties who are deprived of federally protected civil rights by persons acting under color of any state "law, statute, ordinance, regulation, custom, or usage." To state a cause of action under § 1983, a plaintiff must allege facts showing that: (1) an official deprived the plaintiff of a federally protected civil right, privilege or immunity and (2) that the official did so under color of State law. 42 U.S.C. § 1983; *see also Perrin v. Nicholson*, C/A No. 9:10-1111-HFF-BM, 2010 WL 3893792 (D.S.C. Sept. 8, 2010). If either of these elements is missing, the complaint fails to state a claim for relief under 42 U.S.C. § 1983. For an official to be liable under § 1983, it

must be "affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of *respondeat superior* has no application under this section." *Vinnedge v. Gibbs,* 550 F.2d 926, 928 (4th Cir. 1977) (quoting *Bennett v. Gravelle,* 323 F. Supp. 203, 214 (D. Md. 1971)). Here, Plaintiff has not included any factual allegations asserting that the inmates were state officials who were acting under color of state law when they assaulted him. Accordingly, Plaintiff must identify some other jurisdictional basis for his claims against the inmates to be filed in federal court, rather than state court.

In addition, Plaintiff names the Western Regional Jail and the State of West Virginia as defendants. Neither the Jail, nor the State, is a "person" subject to suit under § 1983.[1] Instead, Plaintiff must name as defendants *actual state officials*—for example, correctional officers—who allegedly failed to protect him. He must also include specific factual allegations against each of individual, so that his or her involvement in the cause of action is clear.

When naming individuals that failed to protect him, Plaintiff should bear in mind the following legal principles. "[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment" to the United States Constitution.[2] *Farmer v. Brennan,* 511 U.S. 825, 833 (1994) (internal citations omitted). The Eighth Amendment requires, in relevant part, that prison officials take "reasonable measures to guarantee the safety of the

---

[1] In addition, the State and the Jail have sovereign immunity from the claims asserted.

[2] As a pretrial detainee, Duty's rights arise under the Fourteenth Amendment to the United States Constitution. However, the standards that apply to his claims are the same standards used to evaluate an Eighth Amendment "failure to protect" claim. *Brown v. Harris,* 240 F.3d 383, 388 (4th Cir 2001). As such, cases applying the Eighth Amendment standards are equally applicable to this case. *Parrish ex rel. Lee v. Cleveland,* 372 F.3d 294, 302 (4th Cir. 2004).

3

inmates," *id.* (citation omitted), which includes the duty "to protect prisoners from violence at the hands of other prisoners." *Cortes–Quinones v. Jimenez–Nettleship,* 842 F.2d 556, 558 (1st Cir. 1988). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society." *Farmer,* 511 U.S. at 834 (quoting *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981)). Nevertheless, "not every assault suffered by an inmate at the hands of another inmate rises to the level of a constitutional violation." *Blankenship v. Virginia*, 432 F. Supp. 2d 607, 611 (E.D. Va. 2006) (citing *Westmoreland v. Brown,* 883 F.Supp. 67, 74 (E.D. Va.1995)) ("Any time an individual is incarcerated, there is some risk that he may be a victim of violence at the hands of his fellow inmates ….").

In *Farmer,* the United States Supreme Court set the standard for determining whether a prison official's failure to protect an inmate translated into constitutional liability, stating:

> Our cases have held that a prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, "sufficiently serious"; a prison's official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. The second requirement follows from the principle that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." To violate the Cruel and Unusual Punishments Clause, a prison official must have a "sufficiently culpable state of mind." In prison-conditions cases that state of mind is one of "deliberate indifference" to inmate health or safety.

*Farmer,* 511 U.S. at 834 (citations and markings omitted). The Court explained that to be deliberately indifferent, a prison official has to be more than merely negligent. *Id.* at 835. Instead, the official can only be held liable for a violation of the Eighth Amendment if the official knows of and disregards an excessive risk of harm to the

4

safety or health of the inmate. In other words, the official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot … be condemned as the infliction of punishment." *Id.* at 838. As such, deliberate indifference is "a very high standard." *Grayson v. Peed,* 195 F.3d 692, 695 (4th Cir. 1999). A prison official's subjective knowledge "can be proven through circumstantial evidence, for example, that the 'substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus must have known about it.'" *Wynn v. Perry,* No. 3:14-cv-625-FDW, 2018 WL 1077321, at *23 (W.D.N.C. Feb. 27, 2018) (quoting *Farmer,* 511 U.S. at 842). However, evidence of "constructive notice" of a substantial risk generally is not sufficient to demonstrate deliberate indifference. *Danser v. Stansberry,* 772 F.3d 340, 347 (4th Cir. 2014) (citing *Farmer,* 511 U.S. at 840-42).

The obligation to protect inmates from harm is twofold: prison officials must guard inmates from exposure to obvious and substantial risks to their health and safety, and must also take reasonable steps to intervene in an ongoing inmate assault. *Odom v. S.C. Dep't of Corr.*, 349 F.3d 765, 773 (4th Cir. 2003). A prison official's failure to intervene during an inmate's assault may be the basis of liability if the official has a reasonable opportunity to act and completely fails to take any action. *Winfield v. Bass,* 106 F.3d 525, 532 (4th Cir. 1997); *also Odom,* 349 F. 3d at 775 ("[A] correctional officer who stands by as a passive observer and *takes no action whatsoever* to intervene

5

during an assault violates the [Eighth Amendment] rights of the victim inmate."). Nonetheless, this duty is not without limits. "[C]orrectional officers who are present when a violent altercation involving an armed inmate erupts and fail to intervene immediately do not violate the Eighth Amendment if the officers are unarmed, unaware of a risk of harm prior to the altercation, and take reasonable steps to intervene safely." *Odom*, 349 F.3d at 773; *also Raynor v. Pugh,* 817 F.3d 123, 128 (4th Cir. 2016) (holding that prison officials "have no constitutional duty to intervene in the armed assault of one inmate upon another when intervention would place the guards in danger of physical harm.") (quoting *Prosser v. Ross*, 70 F.3d 1005, 1008 (8th Cir. 1995)). Moreover, prison officials who know of or witness a substantial risk to inmate safety "may be found free of liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer,* 511 U.S. at 844. "A prison official's duty under the Eighth Amendment is to ensure 'reasonable safety,' a standard that incorporates due regard for prison officials' 'unenviable task of keeping dangerous men in safe custody under humane conditions.'" *Id.* at 844-45 (citations and markings omitted).

In light of these governing principles, Plaintiff must amend his complaint to:
1. Explain the Court's subject matter jurisdiction over the inmates;
2. Explain what relief Plaintiff seeks from the inmates he has sued; and
3. Identify the Jail officials who allegedly failed to protect him and provide facts to support his claims against each Jail official.

Plaintiff is **ORDERED** to amend his complaint within **thirty (30) days** of the date of this Order. **Plaintiff is hereby given notice** that a failure to amend the complaint as ordered shall result in a recommendation that the complaint be dismissed

for failure to state a claim under 42 U.S.C. § 1983 and/or for failure to prosecute under Fed. R. Civ. P. 41 and L. R. Civ. P. 41.1. Plaintiff's application to proceed *in forma pauperis* shall be held in abeyance pending the filing of Plaintiff's amended complaint.

**Plaintiff is reminded** of his obligation as a *pro se* plaintiff to promptly advise the Clerk of Court of any changes in his address.

The Clerk is directed to mail a copy of this Order to Plaintiff.

**ENTERED:** August 4, 2021

Cheryl A. Eifert
United States Magistrate Judge